UNITED STATES DISTRICT COURTw

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO RANGEL MUNOZ (A-222-597-533),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETETNTION FACILITY,<br><br>Respondent. | No. 1:26-CV-6836 DAD CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Ricardo Rangel Munoz (A-222-597-533), a citizen and native of Mexico, entered the United States on an unknown date, and filed a pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] During his time in the United States, petitioner has been arrested by local authorities on multiple different occasions for different charges, including retail theft, hit and run, driving under the influence, property damage/destruction, domestic violence in the presence of a child, and public intoxication. After petitioner was arrested on July 16, 2026 by local authorities for the domestic violence-related incident, petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on August 3, 2026. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends dismissing

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

the petition for a writ of habeas corpus.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Mexico. (ECF No. 1 at 4.) In about 2024, petitioner entered the United States without inspection. (ECF No. 7 at 26.) Petitioner has been arrested by local authorities on multiple different occasions for different charges. (ECF No. 7 at 1-2.) Respondent asserts the following criminal history for petitioner:[2] (1) conviction on January 28, 2013 for retail theft (shoplifting), in violation of Utah Code § 76-6-6-02, resulting in a 180 day jail sentence; (2) plea in abeyance on December 2, 2024 for hit and run, in violation of Utah Code Utah § 41-6A-401, resulting in a sentence requiring 48 hours of community service; (3) conviction on December 2, 2024 for driving under the influence, in violation of Utah Code Utah § 41-6A-501(1)+(2A), resulting in a 180 day jail sentence; and (4) conviction on July 30, 2026 for disorderly conduct, in violation of Utah Code Utah § 76-9-102(2)+(3), resulting in a 15 day jail sentence.

On August 3, 2026, petitioner was taken into ICE custody after his July 16, 2026 arrest for the domestic violence-related incident that resulted in a disorderly conduct conviction. Petitioner alleges that after his detention by ICE, he has been transferred one time and has been subjected to inhumane treatment and conditions. (See ECF No. 1 at 5-6.)

## II. PROCEDURAL BACKGROUND

On August 26, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 3.) On September 4, 2026, respondent timely filed a motion to dismiss. (ECF No. 7.) Petitioner did not file a reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

[2] In the motion to dismiss, respondent also describes criminal charges against petitioner that were subsequently dismissed or dropped. Respondent does not assert detention authority on the basis of dismissed or dropped charges, and the Court therefore does not address these charges.

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges his continued detention on the grounds that his prolonged detention violates the Fifth Amendment due process clause. (ECF No. 1 at 16-17.) Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) as his retail theft conviction renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i) for having committed a crime involving moral turpitude. (ECF No. 7 at 3.) Respondent further argues that this Court should find that because petitioner failed to seek a Joseph hearing in immigration court, petitioner failed to exhaust his administrative remedies and petitioner's claim challenging his mandatory detention should be dismissed. (Id. at 3-4 (citing Matter of Joseph, 22 I & N Dec. 799 (BIA 1999).) Finally, respondent argues that petitioner's detention is not prolonged because at the time of the petitioner's filing, petitioner had been detained for a little more than one month. (Id. at 4-6.)

### A. Due Process Claim (Claim One)

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A) as his retail theft conviction renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i) for having committed a crime involving moral turpitude. (ECF No. 7 at 3.)

For purposes of these findings and recommendations, this Court assumes that petitioner is

detained pursuant to § 1226(c)(1)(A) based on his January 28, 2013 conviction for retail theft. Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings, 583 U.S. at 303.

In the response, respondent also argues that if petitioner claims he is not subject to mandatory detention under 8 U.S.C. § 1226(c), petitioner can challenge his mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999), in a "Joseph Hearing." (ECF No. 7 at 3-4.) Respondent argues that at a Joseph hearing, petitioner can demonstrate that he is not convicted of a predicate crime, or that the government is otherwise substantially unlikely to establish that he is not in fact subject to mandatory detention.[3] (Id.) Respondent argues that this Court should find that petitioner failed to exhaust his administrative remedies by failing to seek a Joseph Hearing in immigration court. (Id.) Petitioner does not address exhaustion. (See ECF No. 1.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency

[3] The Supreme Court has explained that: "This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).

consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case. (See ECF No. 1.) Therefore, this Court finds that

petitioner's due process claim challenging his detention should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

### B. Prolonged Detention

For purposes of analyzing petitioner's prolonged detention claim, this Court assumes that petitioner is detained pursuant to § 1226(c). While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) (citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at

some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, Tinoco v. Noem, 818 F.Supp.3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Because petitioner has been detained for less than six months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention under § 1226(c) have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten

months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner's detention does not exceed the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530. Because petitioner has not demonstrated a liberty interest based on his detention of less than six months, the petition for writ of habeas corpus should be denied. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/rang6836.157.2241.imm/10